**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50827**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>ASHLEY YVETTE LIPSCOMB,<br><br>    Defendant-Appellant. | ) <br>) **Filed: October 9, 2024**<br>)<br>) **Melanie Gagnepain, Clerk**<br>)<br>)<br>) **THIS IS AN UNPUBLISHED**<br>) **OPINION AND SHALL NOT**<br>) **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of three years, for felony injury to a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

--------------------------------------------------

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

--------------------------------------------------

PER CURIAM

Ashley Yvette Lipscomb entered an *Alford*[1] plea to felony injury to a child, Idaho Code § 18-1501(1). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of three years. Lipscomb appeals, contending that her sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Lipscomb's judgment of conviction and sentence are affirmed.